UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| DANIEL L. POHLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:20-cv-00139-SEB-DML |
| | ) | |
| MIKE PENCE, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

This cause is before the Court on the Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim [Dkt. 23], filed by Defendants Joe Biden, former Vice-President and current President of the United States of America; John Brennan, former Director of the Central Intelligence Agency ("CIA"); Hillary Clinton, former Secretary of State; James Comey, former Director of the Federal Bureau of Intelligence ("FBI"); John Kerry, former Secretary of State; Joshua Minkler, former United States Attorney for the Southern District of Indiana; Robert Meuller, former Director of the FBI; Barack Obama, former President; John G. Roberts, Chief Justice of the United States Supreme Court; and Christopher Wray, Director of the FBI ("the Federal Defendants") and the Motion to Dismiss for Lack of Jurisdiction and Failure to State a Claim [Dkt. 29], filed by Defendant Mike Pence, former Governor of Indiana and former Vice-President. Also pending are Plaintiff's Motion to Proceed to Trial by Jury [Dkt. 8], Motion for Court to Recognize Service to All Defendants [Dkt. 9], Motion to Change Venue [Dkt. 14], Second Motion to Change Venue [Dkt. 20], Motion for Default

1

Judgment as to All Defendants [Dkt. 21], Motion for Money Laundering Instructions [Dkt. 34], Motion to Find Defendant Mike Pence in Default [Dkt. 38], Motion to Provide the United States Senate a Copy of All Documents [Dkt. 41], and Motion to Settle with Federal Defendants [Dkt. 45].

For the reasons detailed below, we GRANT Defendants' Motions to Dismiss. All other motions are DENIED AS MOOT.

**Factual Background**

In 2014, Mr. Pohle and his business, Otter Creek Trading Company, were sued for breach of contract and conversion in the Jennings Superior Court in *PCM Enviro. PTY LTD. v. Otter Creek Trading Co. & Daniel L. Pohle*, Cause No. 40D01-1410-MI-49. *See Otter Creek Trading Co. v. PCM Enviro PTY, LTD*, 60 N.E.3d 217, 221–23 (Ind. Ct. App. 2016). The trial court subsequently entered a default judgment against them both. *See id.* at 224. Mr. Pohle appealed the default judgment, among other rulings, to the Indiana Court of Appeals in Cause No. 40A01-1509-MI-1432, which affirmed the trial court's orders. *See id.* at 231. Mr. Pohle then filed a Petition to Transfer to the Indiana Supreme Court, which was denied on November 3, 2016. *See Otter Creek Trading Co. v. PCM Enviro PTY, LTD*, 62 N.E.3d 1202 (Ind. 2016) (Table).

Almost three years later, in October 2019, Mr. Pohle filed this lawsuit in Jennings Superior Court against then-Vice President Pence for events that purportedly occurred while Mr. Pence was serving as Governor of Indiana. On June 1, 2020, Mr. Pohle filed an amended complaint adding the Federal Defendants as parties to the litigation. The action was removed to our court on June 19, 2020.

In his amended complaint, Mr. Pohle alleges that all Defendants are aware of the civil judgment against him, which judgment Mr. Pohle contends violates the Vienna Convention on the Laws of Treaties and the Vienna Convention on Contracts for the International Sale of Goods. Although not entirely clear, we understand him to claim that Defendants refuse to acknowledge and enforce these Vienna Conventions, thereby violating his rights to due process and equal protection. As the basis for jurisdiction, Mr. Pohle invokes 42 U.S.C. § 1983 as well as *Bivens v. Six Unknown Narcotics Agents*, 403 U.S. 388 (1971).

The allegations in Mr. Pohle's amended complaint are expansive and wide-ranging, dating back until at least 2012. He claims that it is well-known that the Pence family is laundering money through gas stations and antique stores, a fact of which Mr. Minkler and the FBI are aware but have ignored. Mr. Pohle also makes a number of allegations against the Obama administration, including that it was engaged in "trading access to blood diamonds to their friends in exchange for turning a blind eye to [Zimbabwean President Robert] Mugabe's selling of his Uranium to North Korea and Iran." Am. Compl. ¶ 25. Mr. Pohle claims that once he became aware of these actions, he alerted the CIA and Department of Homeland Security ("DHS") but they failed to respond.

Mr. Pohle then recounts his version of the events leading to the judgment against him in *PCM Enviro Pty Ltd. v. Otter Creek Trading Co.*, the upholding of that decision by the Indiana Court of Appeals, and the Indiana Supreme Court's eventual denial of transfer. It is unclear what connection, if any, Mr. Pohle alleges between the Obama

3

administration's purported blood diamond trading or the Pence family's supposed money laundering scheme and the judgment against him and the civil judgment against him in Jennings Superior Court. However, he claims that the judgment against him makes "the Vienna Conventions null and void in the State of Indiana" and opens the door to 7 billion potential plaintiffs filing breach of contract claims against defendants in Indiana state court "until the U.S. Federal Government steps in and defends the Treaties and the Supremacy Clause of the U.S. Constitution." Am. Compl. ¶¶ 38–39. Mr. Pohle alleges that agents of both the CIA and DHS were aware of these treaty violations and that, on September 4, 2015, he spent over two hours with an FBI agent reviewing documents and evidence. *Id.* ¶ 42. He further claims that on that date "Barack Obama was President, Joe Biden was Vice President, John Kerry was Secretary of State, John Brennan was Director of the CIA, James Comey was the Director of the FBI, Joshua Minkler was the U.S. Attorney for the Southern District of Indiana, and Mike Pence was the Governor of Indiana. *Id.* ¶ 43.

Mr. Pohle alleges that, on October 19, 2017, the "United States government and the State of Indiana" were informed of international fraud, attempted theft of intellectual property, and violations of international law, but that the FBI was not allowed to open an investigation. *Id.* ¶ 44. According to Mr. Pohle, he sent hundreds of pages of evidence to federal agents "to provide the U.S. Department of Justice with evidence should the DOJ seek to do its job and prosecute the Defendants." *Id.* ¶ 45.

The relief Mr. Pohle seeks from this court includes criminal referrals to the U.S. Department of Justice and a finding that all Defendants are "guilty with malice of

conspiracy" to violate his constitutional due process and equal protection rights as well as payment of the $146,537.80 state court judgment against him and $366,000,000.00 in damages for the six years he has spent fighting that judgment.

## Legal Analysis

### I. The Rule 12(b)(1) and 12(b)(6) Standards

Defendants have filed their motions to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Regarding Rule 12(b)(1), the Federal Rules of Civil Procedure command courts to dismiss any suit over which they lack subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). In ruling on a motion to dismiss under Rule 12(b)(1), we "must accept the complaint's well-pleaded factual allegations as true and draw reasonable inferences from those allegations in the plaintiff's favor." *Franzoni v. Hartmarx Corp.*, 300 F.3d 767, 771 (7th Cir. 2002) (citing *Transit Express, Inc. v. Ettinger*, 246 F.3d 1018, 1023 (7th Cir. 2001)). We may, however, "properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Capitol Leasing Co. v. F.D.I.C.*, 999 F.2d 188, 191 (7th Cir. 1993); *accord Estate of Eiteljorg ex rel. Eiteljorg v. Eiteljorg*, 813 F. Supp. 2d 1069, 1974 (S.D. Ind. 2011)).

When considering whether a plaintiff has failed to state a claim upon which relief can be granted under Rule 12(b)(6), the Court accepts as true all well-pled factual allegations in the complaint and draws all ensuing inferences in favor of the non-movant. *Lake v. Neal*, 585 F.3d 1059, 1060 (7th Cir. 2009). Nevertheless, the complaint must

include "enough fats to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see* Fed. R. Civ. P. 8(a)(2). While the Federal Rules of Civil Procedure "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014), the claim asserted must still be "legally cognizable." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). If the factual allegations of the complaint, taken as true, do not support a legally cognizable claim for relief, the Court will grant dismissal. *See id.*

An additional consideration informs our review here. Because Mr. Pohle filed his complaint *pro se*, without the assistance of counsel, we construe its contents with still greater liberality than normally afforded to plaintiffs. *Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (citing *Hudson v. McHugh*, 148 F.3d 859, 864 (7th Cir. 1998)). However, although *pro se* complaints are afforded a liberal reading, they are not exempt from compliance with the above referenced procedural rules. *See Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008); *Cady v. Sheaham*, 467 F.3d 1057, 1061 (7th Cir. 2006).

## II. Discussion[1]

Defendants seek dismissal of Mr. Pohle's lawsuit, arguing that all his claims are barred on jurisdictional grounds under the *Rooker-Feldman* doctrine and that, even if not

---

[1] The Federal Defendants and Mr. Pence have moved to dismiss Mr. Pohle's claims on similar grounds. Accordingly, we address their motions together, noting relevant distinctions where applicable.

so barred, his claims fail to meet the Rule 12(b)(6) standard and thus cannot survive dismissal. We address these arguments in turn below.

### A. *Rooker-Feldman* Doctrine

The *Rooker-Feldman* doctrine, named after the Supreme Court's decisions in *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), provides that the federal district courts must decline to entertain "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Lance v. Dennis,* 546 U.S. 459, 464 (2006); *Kelley v. Med-1 Solutions, LLC,* 548 F.3d 600, 603 (7th Cir. 2008). The doctrine stems from the Supreme Court's exclusive jurisdiction over appeals from state high-court judgments. *See* 28 U.S.C. § 1257. "Claims that directly seek to set aside a state court judgment are de facto appeals and are barred without additional inquiry." *Taylor v. Fed. Nat'l Mortg. Ass'n*, 374 F.3d 529, 532 (7th Cir. 2004).

The doctrine also bars "federal claims presented to the district court that were not raised in state court or that do not on their face require review of a state court's decision" if such claims "are 'inextricably intertwined' with a state court judgment." *Id.* at 532–33. The "crucial point" in determining whether a federal claim is inextricably intertwined with a state court judgment "is whether the district court is essentially being called upon to review the state court decision." *Jakupovic v. Curran*, 850 F.3d 898, 902 (7th Cir. 2017). If the court finds that a claim is inextricably intertwined with a state court judgment, "then we must determine whether the plaintiff had a reasonable opportunity to

7

raise the issue in state court proceedings. … If so, the claim is barred." *Id.* (internal citations omitted).

Here, Mr. Pohle's amended complaint is filled with references to an alleged multiple-year conspiracy entered into by Defendants to violate his due process and equal protection rights by refusing to enforce international treaty law in order to cover up their own misdeeds. However, at their core, Mr. Pohle's claims are simply an attempt to overturn the state court judgment entered against him in 2015 in *PCM Enviro Pty Ltd. v. Otter Creek Trading Co.*, Cause No. 40D01-1410-MI-49, and therefore, are barred by the *Rooker-Feldman* doctrine.

Specifically, Mr. Pohle alleges that he brought this § 1983 and *Bivens* action against Defendants because of their failures "for both Personal and Political reasons" to acknowledge that the state court judgment against him violates his due process rights and the Vienna Conventions and to enforce those treaties. He claims that the state court judgment makes "the Vienna Conventions null and void in the State of Indiana" and opens the door to 7 billion potential plaintiffs filing breach of contract claims against individuals and entities in Indiana "until the U.S. Federal Government steps in and defends the Treaties and the Supremacy Clause of the U.S. Constitution." The relief Mr. Pohle seeks is to require Defendants to "settle" the $146,537.80 (plus interest) judgment entered against him in the state court case as well as $366,000,000.00 in damages to

8

compensate him for the six years he has spent fighting the state court judgment against him.[2]

Based on these allegations, the harm that Mr. Pohle claims he has suffered from any action or inaction on the part of Defendants flows directly from the state court's judgment against him. In other words, were it not for the state court's judgment, Mr. Pohle could not allege injury based on Defendants' alleged failure to enforce international law. It is well-established that "a litigant may not attempt to circumvent the effect of *Rooker-Feldman* and seek a reversal of a state court judgment simply by casting the complaint in the form of a civil rights action." *Long v. Shorebank Dev'l Corp.*, 182 F.3d 548, 558 (7th Cir. 1999). Because Mr. Pohle's claims "ultimately require us to evaluate the state court judgment[]," and, to find in his favor, determine that the state court judgment violated international law, his claims are barred by the *Rooker-Feldman* doctrine. *Bauer v. Koester*, 951 F.3d 863, 866 (7th Cir. 2020) (quoting *Kelley*, 548 F.3d at 605).

### B. Failure to State A Claim

Assuming *arguendo* that some aspect of Mr. Pohle's lawsuit falls outside the *Rooker-Feldman* bar, his claims fail on the merits for a myriad of reasons all set forth in

---

[2] As discussed above, Mr. Pohle, represented by counsel in his state court proceedings, first challenged the Jennings Superior Court judgment against him at the trial level, filing a Motion to Correct Errors and Set Aside Default Judgment and then a Notice of Appeal to the Indiana Court of Appeals. In June 2016, the Indiana Court of Appeals upheld both the default judgment and the damages award. Mr. Pohle filed a Petition to Transfer to the Indiana Supreme Court, but the petition was denied in November 2016. After transfer was denied, Mr. Pohle continued to file various motions to correct errors, reconsider, and set aside the judgment, some of which motions he filed on his own, despite being represented by counsel. Since that time, Mr. Pohle has filed two additional lawsuits, including this one, alleging claims based on the state court judgment.

Defendants' briefing. Most significant is the fact that a complaint to survive dismissal must "give the defendant[s] fair notice of what the … claim is and the grounds upon which it rests," and its "[f]actual allegations must … raise a right to relief above the speculative level." *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007) (citations omitted). A complaint that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Ashcraft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

Mr. Pohle's complaint contains detailed allegations regarding wide-ranging and seemingly unrelated misdeeds allegedly committed by the Obama administration and the Pence family over multiple years. However, although he ascribes these events to Defendants' alleged conspiracy against him, Mr. Pohle's complaint merely consists of broad, conclusory, and largely incoherent allegations regarding the role of each Defendant in these occurrences and contains insufficient factual allegations as to the manner in which such events give rise to legal liability. As a result, we are unable "to draw the reasonable inference that the defendant[s] [are] liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Thus, even if we had jurisdiction over Mr. Pohle's lawsuit, his complaint fails to meet the pleading standards set forth in the Federal Rules and dismissal is appropriate.

### III.    Conclusion

For the reasons detailed above, Defendants' Motions to Dismiss for Lack of Jurisdiction and Failure to State a Claim are <u>GRANTED</u> and this case is dismissed

without prejudice for lack of subject matter jurisdiction. All other pending motions are DENIED AS MOOT. Final judgment shall be issued accordingly.

    IT IS SO ORDERED.

Date: 2/22/2021

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

DANIEL L. POHLE
1280 N CR 500 E
Butlerville, IN 47223

Brandon Carothers
INDIANA ATTORNEY GENERAL
bcarothers@atg.in.gov

Justin R. Olson
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
justin.olson2@usdoj.gov

Archer Riddick Randall Rose
INDIANA ATTORNEY GENERAL
archer.rose@atg.in.gov

Gina M. Shields
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
Gina.Shields@usdoj.gov